**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Spectrum Resources }
Towers, LP }
}          Docket No. 183-8-02 Vtec
}
}

Decision and Order

Appellant Spectrum Resources Towers, LP appealed from a decision of the Development Review Board (DRB) of the Town of Bethel which denied conditional use approval for the placement of a telecommunications tower on property to be leased from David L. Eddy, Jr.

Appellant is represented by Stephen Johnson, Esq.; Appellee Town of Bethel is represented by the firm of Stitzel, Page & Fletcher, P.C., initially by Edward G. Adrian, Esq. and, after the briefing was concluded, by Amanda S.E. Lafferty, Esq. Interested parties Stuart Chase, Dorothy Fago, John Fago, Julie Fago, Richard Rhynhart, Frances Rhynhart, Victoria Weber, Davis Dimock, Maurice Brigham, Judith Brigham, Forrest Griffin, Susan Griffin, and David L. Eddy, Jr., appeared and represented themselves. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit with the parties. The parties were given the opportunity to submit written requests for findings and memoranda of law; Appellant-Applicant did not submit any. Upon consideration of the evidence, the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

David and Laurie Eddy, Jr. own an approximately 10.1-acre L-shaped parcel of land off Christian Hill Road in the Medium Density Development zoning district of the Town of Bethel. Appellant proposes to lease an approximately half-acre of this property (150' x 150') under a forty-year lease, within which it proposes to install an eight-foot-high chain link fence topped by three strands of barbed wire, enclosing an area of 75' x 110'. Within the fenced area Appellant proposes to erect three precast concrete buildings 12' x 36' each in footprint, three concrete equipment cabinet pads 9' x 12' each in footprint, and a 150' tall monopole style telecommunications tower. Appellant proposes access to the leased site by a separate gravel access road over the Eddy property to the site.

The proposed tower is designed to have the capacity to support up to six telecommunications carriers, each of which would be allocated a ten-foot length of the upper sixty feet of the tower, on which to mount antenna arrays. From three to six antennas may be mounted for each carrier, each of which could be up to eight feet in length, 20" in width, and could be mounted as much as 18" from the central pole. The site plan does not make any provision for landscaping or screening of the proposed tower site, and does not provide a construction sequence of the proposed development.

Because the proposal is a use and a structure other than a one-family or two-family dwelling, an agricultural use, or an accessory to one of those types of uses, the proposal also requires site plan approval under § 605 of the Zoning Ordinance. No application was made for site plan approval, and therefore we do not directly address the criteria for site plan approval in this appeal, except to determine whether the proposal will or will not adversely affect any of the Town's bylaws, including the site plan approval criteria.

Because the proposal proposes the division of the Eddy lot into two lots or interests in land, for the purpose of leasing a portion of it to Appellant, the proposal also requires subdivision approval under the definition of the term "subdivision" in Article II of the Bethel Subdivision Regulations. No application was made for subdivision approval, and therefore we do not directly address the criteria for subdivision approval (§ 300 of the Subdivision Regulations) in this appeal, except to determine whether the proposal will or will not adversely affect any of the Town's bylaws, including the subdivision approval criteria.

The Bethel Zoning Ordinance provides only twelve use categories in § 230: 1 & 2 Family Residential, Multi-family Residential, Town Center Commercial, Roadside Commercial, Individual Service, Commercial Group Service, Community Service, Light Industrial, Heavy Industrial, Commercial Outdoor Recreation, Agriculture, and Municipal. Each of the categories is defined in § 230, followed by one or more examples. In the Medium Density Development zoning district, only 1 & 2 Family Residential uses and Agricultural uses are allowed as permitted uses. Only Multi-family Residential, Individual Service, Commercial Outdoor Recreation, and Municipal uses are allowed as conditional uses. Specifically excluded from this district are Town Center Commercial, Roadside Commercial, Commercial Group Service, Community Service, Light Industrial and Heavy Industrial uses. After consultation with the Zoning Administrative Officer, Appellant applied for conditional use approval of the proposal under the 'Individual Service' use category.

However, the proposal does not fall within the 'Individual Service' use category of the Zoning Ordinance, nor into any other category allowing conditional use approval in this zoning district. The 'Individual Service' use category covers the use of land or structures for the purpose of providing a service <u>for no more than a few</u> individuals at one time, or which customarily involves the <u>presence of no more than a few</u> individuals at one time. The examples given in the definition are real estate offices, hairdressers, repair shops and guest houses. The category is defined in contrast with or as distinguished from the 'Commercial Group Service' use category, which is defined as being for the purpose of providing a service involving the <u>presence</u> of a number of individuals at one time, such as motels, hotels, theaters or restaurants. Both of these categories are defined by the number of people who come to the premises at any given time to receive the services, so that the less intensive Individual Service uses are allowed as a conditional use in the more rural or residential districts in which the more intensive Group Service uses are not allowed at all.

The proposal is distinct from both of these service use categories, as no services are provided to anyone on the premises of the proposed use. Rather, the proposal is similar to a radio station or television station, or perhaps also to a wind or hydro power generating station, which would probably fall within the Light Industrial use category within the Bethel Zoning Ordinance, if they

could be shown to result in " no substantial off-site impacts," such as noise or noxious emissions. (If they were to result in substantial off-site impacts, such uses must be analyzed in the Heavy Industrial use category.) In the present case, the proposal may be able to qualify for consideration in the Light Industrial rather than the Heavy Industrial use category if it could be shown to meet the FCC regulations concerning radio frequency emissions. See 47 U.S.C § 332(c)(7)(B)(iv). However, Appellant-Applicant offered no evidence in this appeal that the proposal does meet those regulations. In any event, even Light Industrial uses are not allowed in this district, and therefore the application for conditional use approval must be denied on that basis.

However, because the application was presented as a conditional use, we will proceed to examine briefly whether it could meet the standards necessary for approval as a conditional use. The site development plan in evidence does not show a concrete pad or other support structure as may be necessary to support the base of the tower; such a pad may be installed below the surface of the ground but still should have been shown on the site plan. In any event, the proposed tower has a diameter of approximately 35 inches at the base and 19 inches at the top. The site development plan shows the location of the tower as being approximately 110 feet by scale from the property line. A consequence of this location is that if the tower were to fall towards that property line, approximately the top forty feet, including at least four of the six antenna arrays, could fall on the neighbor's property. This fact alone causes the proposal to fail to comply with § 300.10 of the Subdivision Regulations and § 605(c)(3) of the Zoning Ordinance (Site Plan standards) and therefore to fail to comply with § 601(a)(4) of the Zoning Ordinance (Conditional Use standards).

The legend of plan symbols on the site development plan shows a symbol for wetlands, but no wetlands are shown as existing on the site. However, at the site visit held on April 29, 2003, the parties and Judge Wright observed that the tower site was located in a wet area containing a pool of standing water, making the exact location of the tower inaccessible, so that the balloon representing the height of the proposed tower had to be flown from a nearby location. Nevertheless, no evidence was presented by Appellant-Applicant that the site had been assessed for whether it contained any wetlands regulated under the state wetlands program, or wetlands qualifying as protected natural resources under Section VII(E) of the Town Plan, or whether it should have been referred to the Agency of Natural Resources under § 606(c) of the Zoning Ordinance and 24 V.S.A. § 4409(c). Without evidence as to whether the wetlands on the tower site are or are not protected under state law or under the Town Plan, the proposal fails to comply with § § 300.6 and 300.9 of the Subdivision Regulations and § VII(E) at p. 38 of the Town Plan, and therefore fails to comply with § 601(a)(4) of the Zoning Ordinance (Conditional Use standards).

The proposed tower will appear on the ridgeline from some public vantage points, especially from across the river valley to the south. Appellant-Applicant did not present evidence as to why it was not technically feasible to co-locate the proposed antenna arrays on one or more existing towers. Therefore, the proposal has not been shown to comply with § § 300.6 and 300.9 of the Subdivision Regulations and § IX (Planning Principles 8) at p. 44 of the Town Plan, and therefore fails to comply with § 601(a)(4) of the Zoning Ordinance (Conditional Use standards).

The Town and the Interested Parties presented substantial evidence that the area that would be affected by the tower is an unusually unspoiled example of a rural Vermont landscape, considering both its scenic views and its human residential, agricultural and forestry uses. A nearby granite quarry (in a different zoning district) does not detract from that character, as it is part of the historic working landscape of the area. Despite the proximity of Interstate 89 running through the area, that roadway was constructed within a fold of the river valley so that it is not generally visible from the area that would be affected by the presence of the tower. The presence of a 150-foot-tall telecommunications tower in that location would adversely affect the character of the area, and would fail to comply with §§ 300.6, 300.9 and 300.10 of the Subdivision Regulations, § 605(c)(3) of the Zoning Ordinance (Site Plan standards) and therefore would fail to comply with §§ 601(a)(2) and (a)(4) of the Zoning Ordinance (Conditional Use standards).

If Appellant chooses to reapply, either for this site or for another site within the Town of Bethel, or other applicants choose to apply for telecommunications towers within the Town, the Town may find it useful to adopt an ordinance providing for the zoning category of telecommunication towers, or to adopt a separate telecommunications ordinance outside its zoning system. See, generally, the federal Telecommunications Act of 1996, 47 U.S.C § 151 et seq. In that regard, we note that the current version of 24 V.S.A. § 4443(d) would supersede § 600(f) of the Zoning Ordinance (with regard to zoning ordinance amendments only). If no such ordinance is proposed or adopted, an applicant for a telecommunications tower in a zoning district that does not allow Light Industrial uses may be entitled to apply for a use variance, if the applicant can show that the only locations within the town physically suitable for telecommunications towers are in such zoning districts. However, no such application or showing was made in the present case.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant's application for conditional use approval of a 150-foot-tall telecommunications tower and associated structures on the Eddy property is DENIED.

Dated at Barre, Vermont, this 10th day of December, 2003.


_____
Merideth Wright
Environmental Judge


**Footnotes**